IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AFFORDABLE BUSINESS INTERIORS, ) <br> INC. (d/b/a/ BOS) an Illinois corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> POMEROY IT SOLUTIONS SALES CO., ) <br> INC., ) <br> ) <br> Defendant. ) | No. 20 C 2351 <br><br> Magistrate Judge Jeffrey Cole |

**MEMORANDUM OPINION AND ORDER**

The defendant has filed a Motion to Dismiss the plaintiff's complaint under Fed.R.Civ.P. 12(b)(6). For the reasons in the accompanying Memorandum Order, the Motion [Dkt. #21] is granted, and the Complaint is dismissed without prejudice to refiling within 30 days.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also O'Brien v. Vill. of Lincolnshire*, 955 F.3d 616, 621–22 (7th Cir. 2020). The notice-pleading rule "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. Discovery is tedious, time-consuming, and expensive, for the parties, the court, and the tax-payers who ultimately foot the bill for all the court supervision and intervention that is all too often inherent in the discovery process. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 559 (2007) ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management given the common lament that the success of judicial supervision in checking discovery

abuse has been on the modest side."). *See also Rossetto v. Pabst Brewing Co., Inc.,* 217 F.3d 539, 542 (7th Cir.2000)("protracted discovery, [is] the bane of modern litigation."); Frank H. Easterbrook, "Discovery as Abuse," 69 B.U. L.Rev. 635, 639 (1989); Milton Pollack, "Discovery—Its Abuse and Correction," 80 F.R.D. 219, 223 (1979); Virginia E. Hench, "Mandatory Disclosure and Equal Access to Justice: The 1993 Federal Discovery Rules Amendments and the Just, Speedy and Inexpensive Determination of Every Action," 67 L.Rev. 179, 232 (1994).

Thus, long gone are the days when the Seventh Circuit all but forbade district court judges to take a close look at sketchy complaints. *See, e.g., Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005)("Any district judge (for that matter, any defendant) tempted to write "this complaint is deficient because it does not contain..." should stop and think: What rule of law requires a complaint to contain that allegation?"). *See also Kolupa v. Roselle Park District*, 438 F.3d 713, 715 (7th Cir.2006)("Any decision declaring 'this complaint is deficient because it does not allege X' is a candidate for summary reversal, unless X is on the list in Fed.R.Civ.P. 9(b)."); *Vincent v. City Colleges of Chicago*, 485 F.3d 919, 923 (7th Cir. 2007). The Supreme court's decisions in *Iqbal* and *Twombly* "require[] the plaintiff to conduct a more extensive precomplaint investigation than used to be required and so creates greater symmetry between the plaintiff's and the defendant's litigation costs, and by doing so reduces the scope for extortionate discovery." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 412 (7th Cir. 2010)(Posner, J., dissenting in part).

In terms of supporting facts, as opposed to conclusions, the plaintiff gives the reader precious little to work with here. The plaintiff (essentially) seeks payment by the defendant for the office furniture it provided defendant. The gist of the plaintiff's breach of contract Complaint seems to be that plaintiff was, all along, dealing with a third party, TMI. Indeed, all the orders and invoices

plaintiff attaches to the Complaint were signed or initialed by the same individual from TMI. Plaintiff claims TMI was defendant's agent and wants to recover for goods it contracted with TMI for from defendant. But, the plaintiff does not plead any facts regarding that supposed agency relationship.

A quick gloss on agency principles is worthwhile:

> An agent's authority may be actual or apparent, *see generally* Restatement (Second) of Agency §§ 7–8; if it is actual, it may be express or implied, *see id.* § 7 cmt. c. Implied authority is that authority which is inherent in an agent's position and is, simply, actual authority proved through circumstantial evidence. Actual authority "to do an act can be created by written or spoken words or other conduct of the principal which, reasonably interpreted, causes the agent to believe that the principal desires him so to act on the principal's account." *Id.* § 26. In contrast, "apparent authority to do an act is created as to a third person by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him." *Id.* § 27. In other words, apparent authority is created by the same method as that which creates actual authority, except that the manifestation of the principal is to the third person rather than to the agent.

*Moriarty v. Glueckert Funeral Home, Ltd.*, 155 F.3d 859, 865–66 (7th Cir. 1998)

As for possible actual authority, the Complaint says, vaguely, that defendant "entered into various contracts related to the design, construction, and furnishing of tenant improvements of the portion of the Property it leased" [Dkt. #1, ¶ 11], that it entered into a contract with TMI [Dkt. #1, ¶ 12], and that TMI was defendant's agent "related to the property." [Dkt. #1, ¶ 15]. "While an agency relationship can be created by contract, not all contractual relationships form an agency." *Warciak v. Subway Restaurants, Inc.*, 949 F.3d 354, 357 (7th Cir. 2020). Not every architect is authorized to buy furniture. Consequently, more is needed to flesh out those skeletal allegations.

The same goes for the claim that TMI "had the [apparent] authority, . . . to enter into Contracts on behalf of [defendant]." [Dkt. #1, ¶ 18]. "Apparent authority exists when a third-party reasonably relies on the principal's manifestation of authority to an agent." *Am. Soc'y of Mech.*

3

*Engineers v. Hydrolevel Corp.*, 456 U.S. 556, 565–74 (1982). *See also* Restatement (Second) of Agency § 8 (1957); *Warciak*, 949 F.3d at 357 ("Statements by an agent are insufficient to create apparent authority."). The Complaint must allege *facts* showing how defendant "manifested to the public that [TMI] was its agent." *Warciak*, 949 F.3d at 357. *See also Gaines v. Chicago Bd. of Educ.*, 2020 WL 1182767, at *5 (N.D.Ill. 2020)(facts must be alleged showing that defendant implicitly authorized third party to act as agent with regard to transaction at issue).

The cases plaintiff relies on to argue that its Complaint suffices do not really help it when one looks just a bit below the surface. In *Taylor, Bean & Whitaker Mortg. Corp. v. Vincent Cebulak*, 2004 WL 2106605 (N.D. Ill. 2004), the court did rule that the plaintiff's allegations related to the existence of a contract were sufficient to plead agency. But the Complaint in that case was a detailed, 250-paragraph document that at least indicated the type of contract that gave rise to the agency relationship, the date of its formation, and at least a handful of its terms. *Taylor*, 2004 WL 2106605, at *12, 14. Nothing quite so elaborate as the prolix Complaint in *Taylor* is necessary. But more than sketchy conclusions are required.

Similarly, the complaint in *Mauer v. Am. Intercontinental Univ., Inc.*, 2016 WL 4651395, at *2 (N.D. Ill. 2016) easily exceeded the cryptic narrative plaintiff has offered here. The court acknowledged that "[a]gency is typically a factual issue" but still required the plaintiff to "allege a *factual basis* that gives rise to an inference of an agency relationship . . . ." *Mauer*, 2016 WL 4651395, at *2. The court denied the motion to dismiss, content with allegations that included the representations the purported agent made, and circumstances that led the plaintiff to believe they were acting on the defendant's authority. *Mauer*, 2016 WL 4651395, at *3. It wasn't much, perhaps, but it was quite a bit more than" the agent and the defendant had a contract and the agent acted with

4

actual or apparent authority." The *Mauer* complaint went deeper than such superficial, conclusory allegations.

All that being said, the law in this Circuit is that a plaintiff gets more than one chance to plead itself into discovery. As the court emphasized in *Sharif Pharmacy, Inc. v. Prime Therapeutics, LLC*, 950 F.3d 911, 919 (7th Cir. 2020), " a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should ordinarily be given at least one opportunity to try to amend its complaint before the action itself is dismissed with prejudice." *Accord Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir.2010). Accordingly, the Complaint is dismissed without prejudice. Plaintiff shall have 30 days to file a new Complaint that complies with the pleading requirements set forth by the Seventh Circuit and other courts.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 9/16/20